SPARKS *v.* HOLLOWAY.

Opinion delivered February 28, 1921.

1. HIGHWAYS — DETERMINATION OF OWNERSHIP. — In determining whether or not a majority in acreage of lands within a proposed road improvement district was represented by the signers to a petition, under Acts 1915, No. 338, the assessment of lands for general taxation is conclusive evidence of ownership of lands within the district.

2. HIGHWAYS—LEGISLATURE MAY ORGANIZE ROAD DISTRICT WITHOUT CONSENT OF MAJORITY.—The Legislature may organize a road improvement district without the consent of a majority in land value, acreage or number of landowners and may provide for the organization of such a district on any basis it might choose.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark,* Judge; affirmed.

*Emmet Vaughan,* for appellants.

The court erred in refusing to declare as requested by appellants. There is a conflict between sections 1 and 2 of act 338, Acts 1915, which can be reconciled only upon the theory that the assessment in force at the time is *prima facie* evidence of ownership. The court's interpretation of the act is error. The Legislature did not intend more than to make the assessment book in force at the time a *prima facie* showing of ownership. The court's ruling is manifestly unjust to the actual landowners, and the judgment should be reversed.

*F. E. Brown* and *Carmichael & Brooks,* for appellees.

1. The circuit court is a court of general jurisdiction, and all presumptions are in favor of its judgments. 137 Ark. 462. There is no proof that the petitions contained a majority in land value or in number of landowners. One is entitled to a judgment upon a *prima facie* showing on evidence. If even *prima facie evidence,* it was sufficient, as appellants offered *no proof* to the contrary; they did not even introduce the assessment book. See 140 Ark. 10.

2. There was no motion for a new trial.

3. Appellants show no injury by the court's refusal to declare that the assessment books were only a *prima facie* showing. If any error was committed it was invited error. The remonstrants set forth that no plans or sketch were filed with the county clerk before the circulation of the petition, and no plans or specifications made by the State Highway Commission were filed with the county clerk before the circulation of the petition, and there was no proof to overcome the allegation. The judgment is correct.

HUMPHREYS, J. This is an appeal from a judgment rendered in the Northern District of the Prairie Circuit Court, affirming the judgment of the county court of said county in dismissing the petition of appellants for the organization of Des Arc-Steinville Road Improvement

District, under act 338, Acts 1915, commonly known as the Alexander Road Law. It was admitted by the petitioners that a majority in acreage within the proposed district had not been signed for by parties in whose names the same had been assessed at the time, for the purpose of general taxation, and no contention is made that the petition contained a majority of the landowners or a majority in land value within the district, according to the last assessment for the purpose of general taxation in said county. Based upon the admission, appellants requested the court to declare that the assessment book for general taxation, in force at the time the petition was filed, presented only a *prima facie* showing of ownership, which might be rebutted by evidence of ownership in the petitioners signing the petition. The court refused to so declare, but, on the contrary, ruled that, in determining whether or not a majority in acreage of lands within the proposed district was represented by the signers of the petition, the assessment of lands within the district in force at the time for general taxation governed. This appeal is for the purpose of testing the correctness of that ruling.

It is insisted by appellants that there is a conflict between sections 1 and 2 of said act, which can be reconciled upon the theory only that the assessment in force at the time is *prima facie* evidence of ownership, subject to be rebutted by evidence of actual ownership at the time of the filing of the petition. It is true that section 1 of said act provides that a majority in acreage within a certain district may petition for the organization of a road improvement district therein, but we see no conflict between that provision and the provision in section 2 providing that the majority in acreage within the district shall be determined by the assessment for the purpose of general taxation in force in the county at the time the petition is filed. The second section simply provides the method by which a majority of the acreage, referred to in said section 1, shall be ascertained or determined. The

Legislature had a right to organize the district without the consent of a majority in land value, acreage or number of landowners, and could therefore provide for the organization of such a district upon any basis it might choose. Section 2 of the act, by clear and unambiguous language, made the assessment record, at the time the petition was filed, conclusive, and not *prima facie,* evidence of the ownership of the land. The language is that a majority in acreage shall ''be determined by the assessment for the purpose of general taxation in force in said county at the time.''

The court's interpretation of the act was correct, and the judgment is therefore affirmed.